# United States District Court
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | : | |
|---|---|---|
| Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., as trustee, in trust for the Holders of Structured Asset Securities Corporation - Amortizing Residential Collateral Trust Mortgage Pass-Through Certificates, Series 2002-BC8 | : : : : : : : : | Case No. 1:05-cv-02367<br><br>District Judge Ann Aldrich<br>Magistrate Judge _____<br><br>**DEFAULT JUDGMENT AND**<br>**DECREE IN FORECLOSURE** |
| Plaintiff | : : | |
| vs. | : | |
| Marcella Simmons, et al. | | |
| Defendants. | | |

UNITED STATES DISTRICT JUDGE ANN ALDRICH

    This matter is before the Court on the motion of Plaintiff Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., as trustee, in trust for the Holders of Structured Asset Securities Corporation - Amortizing Residential Collateral Trust Mortgage Pass-Through Certificates, Series 2002-BC8's Motion for Default Judgment and Decree in Foreclosure, to obtain judgment upon the Note and against Jauc Quis Simmons personally as described in the Complaint, to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

    The Court finds that:

1.    The following defendants are in default of Motion or Answer:

    a.    Marcella Simmons;
    b.    Jauc Quis Simmons;

  c. Unknown Tenants, if any, of; and

2. The Clerk's Entry of Default was filed herein on March 8, 2006.

  Accordingly, the Court takes the allegations contained in the Complaint as true, including that, but for the borrower's discharge in bankruptcy, there would be due and owing to the plaintiff from the defendant, Marcella Simmons, upon the subject Note the principal balance of $77,638.27, for which judgment is hereby rendered in favor of the Plaintiff, with interest at the rate of 9.125 percent per annum from June 1, 2005, together with late charges, plus advances, if any, made by Plaintiff to protect its interest in the Property, plus costs and expenses incurred by plaintiff to enforce its rights under the subject Note and Mortgage.

  The Note is secured by the Mortgage held by the plaintiff, which mortgage constitutes a valid and first lien upon the following described premises (the "Property"):

> Situated in the City of Cleveland, County of Cuyahoga and State of Ohio and known as being Sublot No. 87, in the Penobscot Realty Company's Penobscot Avenue Subdivision of part of Original One Hundred Acre Lot No. 365, as shown by the recorded Plat in Volume 58 of Maps, page 14 of Cuyahoga County Records, and being 37 feet front on the Westerly side of East 130th Street, 135.47 feet on the Southerly line, 135.45 feet on the Northerly line and 37 feet in the rear, as appears by said plat, be the same more or less, but subject to all legal highways.

ÇãParcel Number:  110-09-040

Commonly known as:  678 East 130th Street, Cleveland, Ohio

  Taking as true the allegations contained in plaintiff's complaint, the Court finds that the Mortgage was filed for record on August 21, 2002, and recorded as Instrument Number 200208210687 in the Cuyahoga County Recorder's Office; that the mortgage, together with the Note, was assigned to the Plaintiff by an Assignment of Mortgage filed for record on December 8, 2005 as Instrument Number 200512080037 in the Cuyahoga County Recorder's Office; that the conditions of said Mortgage have been broken; and that Plaintiff is entitled to have the equity

of redemption of the defendants-titleholders foreclosed.

**IT IS THEREFORE**

**ORDERED,** that unless the sums hereinabove found to be due to Plaintiff Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., as trustee, in trust for the Holders of Structured Asset Securities Corporation - Amortizing Residential Collateral Trust Mortgage Pass-Through Certificates, Series 2002-BC8, and the costs of this action, be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption of the defendants-titleholders in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an order of sale shall issue to the United States Marshal of the Northern District of Ohio, directing him to seize, maintain control and custody, and sell same at public sale on the steps of the Cuyahoga County Courthouse, Cleveland, Ohio or by other commercially feasible means, as upon execution and according to law, after having the property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002. Daily Legal News is designated as the appropriate newspaper in which to advertise the sale of the property. The Marshal shall report his proceedings to this Court.

**ORDERED FURTHER**, that the United States Marshal shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the even that an Order of Sale is returned by the United States Marshal unexecuted, subsequent Orders of Sale shall issue in accord with the Court's instructions.

**ORDERED FURTHER**, that the additional rights and responsibilities of the parties shall be as follows:

1.  The United States Marshal or his or her representative is authorized to have free access to the realty and to take all actions necessary to seize, maintain control and custody, and sell the Property.

G:\Cases - TM\05-8467\motion for default and decree-060310-LKP.WPD

2.  Marcella Simmons, Jauc Quis Simmons, or anyone else occupying the Property with the permission of Marcella Simmons and Jauc Quis Simmons, shall vacate the property, taking with them their personal property within (30) days from the date that this order is entered (but leaving all improvements, buildings, fixtures, and appurtenances to the real property).  Also within 30 days from the entry of this order, the defendants are ordered to turn over all keys (including duplicates) to the property to the U.S. Marshal located at Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Cleveland OH  44113-1830.  If any person occupying the real property fails or refuses to leave and vacate the realty by the time specified herein, the U.S. Marshal and his deputies are authorized and directed to take all actions that are reasonably necessary to bring about the ejection of those persons.  If any person fails or refuses to remove his or her personal property from the real property by the time specified herein, the property remaining in or on the real property thereafter is deemed forfeited and abandoned, and the Marshal and his deputies are authorized to remove it and dispose of it in any manner the Marshal sees fit, including sale, in which case the proceeds of the sale are to be applied under the same guidelines as described herein for the proceeds of the sale of the real property.

3.  Until they vacate the real property, Marcella Simmons and Jauc Quis Simmons shall take all reasonable steps necessary to preserve the real property (including all buildings, improvements, fixtures, and appurtenances on the real property) in its current condition.  Until the real property is sold, they shall not commit waste against the real property, nor shall they cause or permit anyone else to do so.

4.  Once the property is vacated, Plaintiff shall take whatever steps are necessary to preserve and maintain the realty, including retaining a locksmith or other person to change or install locks or other security devices on any part of the realty and insuring that no plumbing pipes and/or fixtures freeze and/or burst, until the deed to the realty is delivered to the ultimate

purchaser.

**ORDERED FURTHER**, that the United States Marshal, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

1. To the United States Marshal for his or her fees and to satisfy all costs incurred by the Marshal incident to the seizure, custody, control, advertising, and sale of the property.

2. To the Treasurer of Cuyahoga County, the taxes and assessments, due and payable as of the date of transfer of the property after the United States Marshal's Sale.

3. To the plaintiff Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., as trustee, in trust for the Holders of Structured Asset Securities Corporation - Amortizing Residential Collateral Trust Mortgage Pass-Through Certificates, Series 2002-BC8, the sum of $77,638.27, with interest at the rate of 9.125 percent per annum from June 1, 2005, together with late charges, plus advances, if any, made by Plaintiff to protect its interest in the Property, plus costs and expenses incurred by Plaintiff to enforce its rights under the Note and Mortgage.

4. The balance of the sale proceeds, if any, shall be held by the United States Marshal to await further orders of distribution by this Court.

The purchaser of the property being sold is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

As the holder of the first lien (other than real estate taxes), Plaintiff is authorized to credit bid at the foreclosure sale the amount it is owed under this judgment.  Since Plaintiff is the first

and best lienholder junior only to real estate taxes, if it is the successful bidder at the United States Marshal's sale, Plaintiff shall not be required to make a deposit at the time of sale. Plaintiff shall pay the balance of all the Marshal's costs due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises, or alternatively, the Clerk of Common Pleas Court of Cuyahoga County, to release liens filed of record in that office.

**IT IS SO ORDERED.**

        s/Ann Aldrich
_____
JUDGE ANN ALDRICH
UNITED STATES DISTRICT JUDGE

Dated:  March 13, 2006